IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02021-MSK-KLM

BAINS ULTRA INC.,

    Plaintiff,

v.

7677 EAST BERRY AVENUE ASSOCIATES, LP, d/b/a EVEREST DEVELOPMENT COMPANY LLC and d/b/a EVEREST DEVELOPMENT COMPANY, and
DIRECT SOURCE GLOBAL, LLC, d/b/a DSG, d/b/a DSG HOLDINGS, LLC, and d/b/a DIRECT SOURCE GRANITE & STONE IMPORTERS, LLC,

    Defendant(s).
_____

## MINUTE ORDER
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Order Permitting Discovery Prior to Fed. R. Civ. P. 26(f) Conference and Integrated Motion for Expedited Consideration** [Docket No. 7; Filed October 9, 2008] (the "Motion"); and **Plaintiff's Motion for Issuance of a Preservation Order for Tangible Goods and Records** [Docket No. 8; Filed October 9, 2008] (collectively, "the Motions").

IT IS HEREBY **ORDERED** that the Motions are **DENIED without prejudice**. It is not the Court's practice to grant requests of this nature without providing the nonmoving parties an opportunity to respond. Here, a review of the docket leads the Court to conclude that Plaintiffs have not yet served Defendants with the summons and complaint [Docket No. 1] or amended complaint [Docket No. 6]. Further, given that Defendants have not been served, they also have not received notice of the Motions or the relief requested. Although expedited discovery requests may be warranted upon a showing of good cause, this is

rarely the case when Defendants have not been served or retained counsel. *See Qwest Commc'ns Int'l v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 420-21 (D. Colo. 2003) (declining to order expedited discovery, in part, because defendants had not been served); *Pod-Ners, LLC v. N. Feed & Bean of Lucerne LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002) (noting that expedited discovery is "inappropriate where defendants are required to 'unwarily incriminat[e] themselves before they have a chance to review the facts of the case and to retain counsel.'" (citation omitted)).

In addition, "a specific order from the court directing one or both parties to preserve evidence is not ordinarily required." *United States v. Boeing Co.*, No. 05-1073-EWB, 2005 WL 2105972, at *2 (D. Kan. Aug. 31, 2008) (unpublished decision). Because a preservation order is a deviation from the ordinary requirements imposed by the Federal Rules of Civil Procedure, the position of the parties affected by the order is relevant to the Court prior to its enactment. While the Court takes a litigant's duty to preserve evidence very seriously, in the unlikely event that the parties do not fulfill their obligation to preserve evidence, such conduct can usually be addressed by Fed. R. Civ. P. 11, if appropriate.

Dated: October 14, 2008