IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02021-MSK-KLM

BAINS ULTRA INC.,

    Plaintiff,

v.

7677 EAST BERRY AVENUE ASSOCIATES, LP, d/b/a EVEREST DEVELOPMENT
COMPANY LLC and d/b/a EVEREST DEVELOPMENT COMPANY, and
DIRECT SOURCE GLOBAL, LLC, d/b/a DSG, d/b/a DSG HOLDINGS, LLC, and d/b/a
DIRECT SOURCE GRANITE & STONE IMPORTERS, LLC,

    Defendant(s).
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Opposed Motion for Leave to File Second Amended Complaint and Incorporated Memorandum in Support of Motion** [Docket No. 47; Filed January 2, 2009] (the "Motion"). Defendant Direct Source Global, LLC filed a Response in opposition to the Motion on January 22, 2009 [Docket No. 55], which was joined by Defendant 7677 East Berry Avenue Associates, LP [Docket No. 56]. Plaintiff filed a Reply on February 5, 2009 [Docket No. 59]. The Motion has been fully briefed and is ripe for resolution. The Court has reviewed the parties' pleadings, the proposed Second Amended Complaint, and the applicable case law and is sufficiently advised in the premises.

This case deals with the alleged willful counterfeiting by Defendants of bathtubs designed by Plaintiff. Pursuant to the Motion, Plaintiff seeks to amend its complaint to add a related company as a plaintiff and two claims for patent infringement. *Motion* [#47] at 2.

Plaintiff contends that amendment of its complaint is necessary to fully resolve all issues against these Defendants in a single lawsuit.  *Id.*  Defendants counter that "Plaintiff's proposed new claims are futile because they are legally insufficient and must be denied." *Response* [#55] at 3.  Specifically, they argue that because Plaintiff has only made a visual comparison of the alleged infringing bathtubs, counsel did not make a "reasonable inquiry" regarding whether its proposed claims were well grounded.  *Id.* at 2-3 (quoting *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)); *see also* Fed. R. Civ. P. 11.  It its Reply, Plaintiff contends that "Defendants have conflated the notice pleading requirement of the federal rules with the requirement to establish a patent infringement claim before a judge or jury.  The liberal notice pleading requirements of Fed. R. Civ. P. 8(a)(2) require only that a complaint contain a short and plain statement sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Reply* [#59] at 2 (citations omitted).

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.  At this stage of the litigation, determining the sufficiency of the proposed Second Amended Complaint's allegations in light of the Defendants' arguments regarding futility is, for all practical purposes, equivalent to ruling on a motion to dismiss.  Because the essence of the inquiry is whether the Second Amended Complaint could withstand such a motion, the rules pertaining to Rule 12(b)(6) motions are applicable in these circumstances.  *See, e.g.*, *Hinsdale v. City of Liberal, Kan.*, No. 96-1249-MLB, 1998 WL 928444, at *1 (D. Kan. Nov. 30, 1998) (unpublished decision).  In other words, at this stage of the litigation, Plaintiff is afforded certain presumptions of truth.  I must accept all of the well-pled factual allegations as true and draw all reasonable inferences in favor of Plaintiff.  *Rocky Mtn. Parking, LLC*

*v. BFI Waste Sys., Inc.*, No. 07-cv-01920-MSK-KMT, 2008 WL 1840729, at *2 (D. Colo. Apr. 23, 2008) (unpublished decision); *Spicer v. New Image Int'l, Inc.*, No. 04-2184-KHV-DJW, 2006 WL 3791972, at *2 (D. Kan. Dec. 26, 2006) (unpublished decision). Therefore, denial of the Motion on the basis of futility is only warranted where the proposed facts and claims, if true, provide no plausible grounds for recovery. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007)).

To state a patent infringement claim, Plaintiff must allege that the infringer "without authority makes, uses, offers to sell, or sells the patented invention." 35 U.S.C. § 271. "Patent infringement cases are governed by the same liberal, notice pleading standard[s]" as all other cases, namely: "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits . . . that will let the defendant investigate. . . . . Details come later, usually after discovery." *Murata Mfg. Co. v. Bel Fuse, Inc.*, 422 F. Supp. 2d 934, 948 n.13 (N.D. Ill. 2006) (citation omitted). A patent infringement claim which "alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendant allegedly infringe[d], and points to the specific sections of the patent law invoked . . . contains enough detail to allow the defendants to answer. Rule 12(b)(6) requires no more." *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000). At a minimum, Plaintiff's proposed Second Amended Complaint contains these allegations.

Despite Defendants' assertion to the contrary, I find no support for their argument that motions to amend to add patent infringement claims are subject to a heightened review pursuant to the pleading requirements governed by Fed. R. Civ. P. 11. Counsel for Plaintiff

3

here has the same duty every counsel has with respect to Rule 11, namely to ensure that the filed pleadings have a basis in law and fact and are not filed for an improper purpose. Further, I note that there is no "blanket rule that a patentee must obtain and thoroughly deconstruct a sample of a defendant's product to avoid violating Rule 11." *Intamin Ltd. v. Magnetar Techs., Corp.*, 483 F.3d 1328, 1338 (Fed. Cir. 2007). Rather, all that is required is a reasonable prefiling inquiry regarding whether the product infringes the filer's patent. *See Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1301-03 (Fed. Cir. 2004) (noting that the physical comparison of the similarities between the two products and the review of marketing materials were reasonably sufficient investigative tools despite that plaintiff did not undertake the reverse engineering of the product prior to filing suit); *see also Burkhart v. Kinsley Bank*, 804 F.2d 588, 589 (10th Cir. 1986) (holding that the Rule 11 standard to be applied is based upon reasonableness at the time of filing); *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991) (noting that the standard is an objective one and that the investigation, at a minimum, "must uncover some information to support the allegations in the complaint").

Whether an attorney has conducted the necessary prefiling investigation is a fact-intensive inquiry. For instance, it is not always feasible or necessary to obtain a sample of the alleged infringing product and completely ascertain its inner workings. *See Q-Pharma*, 360 F.3d at 1301-03; *see also Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp.*, 351 F.3d 1139, 1150 (Fed. Cir. 2003) (refusing to impose a set standard or threshold of conduct for investigation of patent claims prior to filing). Instead, "[t]he key factor in determining whether a patentee performed a reasonable pre-filing inquiry is the presence of an infringement analysis." *ResQNET.com, Inc. v. Lansa, Inc.*, 382 F. Supp. 2d 424, 454

4

(S.D.N.Y 2005) (citation omitted).  Even where the evidence that such an analysis was undertaken is minimal, the analysis need "simply consist of a good faith, informed comparison of the claims of a patent against the accused subject matter." *Id.* Only where there is no factual basis to support the allegations contained in the complaint does the complaint violate Rule II.  *See Brubaker*, 943 F.2d at 1373 (holding that the factual allegations will not run afoul of Rule 11 as long as there is "any information" to justify them); *see also Windy City Innovations, LLC v. AOL, Inc.*, 227 F.R.D. 278, 282 (N.D. Ill. 2005) (noting that qualified statement contained in patent infringement complaint that plaintiff "is 'likely to have evidentiary support' after discovery does not conflict with Rule 11(b)(3)").

Here, Plaintiff contends that Defendants obtained Plaintiff's specification sheets without permission and purchased genuine bathtubs manufactured by Plaintiff for the purpose of replicating and counterfeiting Plaintiff's design.  *Second Amended Complaint* [#47-2] at 6-9; *Motion* [#47] at 2-3.  Plaintiff also contends that Defendants copied Plaintiff's design by sending a genuine bathtub to China for fabrication.  *Second Amended Complaint* [#47-2] at 6.  In addition to the information obtained by Plaintiff regarding Defendants' conduct, Plaintiff conducted a visual inspection of the bathtubs manufactured by Defendants while in Defendants' possession and determined their "near identical nature" in comparison to Plaintiff's bathtubs.  *Reply* [#59] at 2.  It is unclear whether, if Plaintiff had made the request, it would have been permitted to dismantle Defendants' product for an internal comparison.  It is also unclear what other investigative efforts or analyses Plaintiff undertook prior to filing the Motion.  On the present pleadings, I cannot find that Defendants have shown that Plaintiff's prefiling inquiry was clearly deficient such that its patent infringement claims are futile.  Moreover, for purposes of resolution of this Motion only, I

5

find that Plaintiff has minimally alleged sufficient facts, if true, to plausibly state its patent infringement claims.

Finally, to the extent that Defendants argue that amendment should be denied because the patent infringement claims will unnecessarily complicate the case, they have failed to articulate a sufficient basis for overcoming the liberal preference for allowing amendment. *See* Fed. R. Civ. P. 15(a)(2). First, Defendants were on notice early in the litigation that Plaintiff intended to assert patent infringement claims after additional investigation. Second, the Motion was timely filed prior to expiration of the pleading amendment deadline. Third, and lastly, amendment comes at the initial stage of the litigation with substantial time left for discovery.

IT IS FURTHER **ORDERED** that the Second Amended Complaint [Docket No. 47-2] is accepted for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond to the Second Amended Complaint on or before **February 27, 2009**.

IT IS FURTHER **ORDERED** that the caption shall be amended to add Plaintiff Gestion Ultra International, Inc.

Dated: February 10, 2009

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix