**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 08-CV-02021 MSK-KLM

BAINS ULTRA INC.; and
GESTION ULTRA INTERNATIONAL
INC.,

      Plaintiffs,

v.

7677 EAST BERRY AVENUE
ASSOCIATES, L.P. d/b/a EVEREST
DEVELOPMENT COMPANY LLC and
d/b/a EVEREST DEVELOPMENT
COMPANY,

      Defendant.

## STIPULATED PROTECTIVE ORDER

      WHEREAS, the parties believe that certain information that may be divulged in this litigation may contain trade secrets or other confidential research, development, or commercial information as contemplated by Rule 26(c) of the Federal Rules of Civil Procedure;

      WHEREAS, the parties believe that such information may be relevant to the subject matter involved in the pending action within the meaning of Rule 26(b) of the Federal Rules of Civil Procedure;

      WHEREAS, the parties believe that it would serve the interests of the parties to conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

      IT IS HEREBY STIPULATED THAT:

1.     AUTHORIZED DESIGNATION UNDER PROTECTIVE ORDER

Each party producing information, including any document, thing, testimony or other data, in this litigation may segregate and label it as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" (referred to herein as "SUBJECT TO PROTECTIVE ORDER") or "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER - OUTSIDE ATTORNEYS ONLY" (referred to herein as "OUTSIDE ATTORNEYS ONLY") to the extent that the providing party believes in good faith the information falls within the scope of protection defined in paragraphs 3 and 4, *infra*, respectively. Non-parties producing information in this litigation may designate such information under the provisions of this Protective Order and shall be entitled to all the protections afforded hereunder.

In the event the producing party elects to produce documents and things for inspection rather than produce copies of documents, no marking need be made by the producing party in advance of the initial inspection. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party. Said marking shall not unreasonably delay the production of the copies.

2.     DEFINITION OF OUTSIDE COUNSEL

The term "Outside Counsel" shall mean (i) the attorneys and employees of Sutherland Asbill & Brennan LLP, Fairfield & Woods, P.C., and Ogilvy Renault s.r.l./LLP in their capacity as litigation counsel for Plaintiffs; (ii) the attorneys and employees of Overturf McGath Hull & Doherty P.C. and Brownstein Hyatt Farber Schreck, LLP in their capacity as litigation counsel for Defendant 7677 East Berry Avenue Associates, L.P. d/b/a Everest Development Company LLC; (iii) the attorneys and employees of Dorsey & Whitney, LLP in their capacity as litigation counsel for Cross-

Defendant Direct Source Global, LLC d/b/a DSG, and d/b/a DSG Holdings, LLC, and d/b/a Direct Source Granite & Stone Importers, LLC; and (iv) the attorneys and employees of any other outside trial counsel who has filed an Appearance with the District Court in this action.

     3.    "OUTSIDE ATTORNEYS ONLY" INFORMATION

     (a)    Definition:  Information appropriate for designation as "SUBJECT TO PROTECTIVE ORDER - OUTSIDE ATTORNEYS ONLY" shall presumptively include, but is not limited to, information of a particularly sensitive business or technical nature that would provide a business advantage to competitors, including for example, schematics for products that are currently in development, information relating to pending and unpublished patent applications, business plans, new product development, new business development, trade secrets, proprietary engineering information, competitor market analyses, customer lists, internal financial-accounting information, operations information, distributor agreements, foundry agreements, agreements with sales representatives, pricing and cost information, and business relationships with third parties, or information that has been so designated by court order or agreement with a third party.

     (b)    Persons Authorized to Have Access:  In the absence of written permission from the providing party or an order of Court, "OUTSIDE ATTORNEYS ONLY" information submitted pursuant to paragraph 1 shall not be disclosed to any person other than:

     (i)    Outside counsel for the parties, including necessary secretarial, clerical and paralegal personnel assisting such counsel, as well as other persons working for outsourced litigation support services, including, without limitation, translation, interpretation, reprographic, and electronic discovery services, for the purpose of this litigation, however, each such person is prohibited from involvement in either U.S. or foreign patent prosecution relating to the subject matter of any patents

asserted by an adverse party in this action for a period of (2) years after the final disposition of this action (including appeals and petitions for review);

(ii)      court reporters, videographers, interpreters, and such other qualified persons otherwise unconnected to any party but who are involved in taking testimony, copying documents, and the like;

(iii)     outside experts or consultants qualified under paragraph 6 below and their staff who are engaged by a party or its outside counsel under (i) above for the purposes of this litigation;

(iv)     authors, creators, addressees and other recipients of protected information, who, prior to the commencement of this litigation, received or had access to the protected information; and

(v)      the Court and necessary Court personnel.

4.      "SUBJECT TO PROTECTIVE ORDER" INFORMATION

(a)      Definition: Information is SUBJECT TO PROTECTIVE ORDER only when it is of a sensitive business or technical nature that would provide a business advantage to competitors, but is not so sensitive as to qualify for OUTSIDE ATTORNEYS ONLY status.

(b)      Persons Authorized to Have Access: SUBJECT TO PROTECTIVE ORDER information submitted pursuant to paragraph 1 may be disclosed to the following persons:

(i)      Outside Counsel for the parties, including necessary secretarial, clerical and paralegal personnel assisting such counsel, as well as other persons working for outsourced litigation support services, including, without limitation, translation, interpretation, reprographic, and electronic discovery services, for the purpose of this litigation, however, each such person is prohibited from involvement

in either U.S. or foreign patent prosecution relating to the subject matter of any patents asserted by an adverse party in this action for a period of (2) years after the final disposition of this action (including appeals and petitions for review);

      (ii)     court reporters, videographers, interpreters, and such other qualified persons otherwise unconnected to any party but who are involved in taking testimony, copying documents, and the like;

      (iii)    outside experts or consultants employed by a party or Outside Counsel for the purposes of this litigation who sign the undertaking defined in paragraph 5;

      (iv)    authors, creators, addressees and other recipients of protected information, who, prior to the commencement of this litigation, received or had access to the protected information;

      (v)     up to two persons employed by a party who sign the undertaking defined in paragraph 5, utilize the information strictly for purposes of supervising or assisting with the litigation, and the identity of whom has been provided to opposing counsel in advance of receiving the protected information, provided that such persons designated under this subsection shall not be involved in U.S. or foreign patent prosecution relating to the subject matter of any patents asserted by an adverse party in this action for a period of (2) years after the final disposition of this action (including appeals and petitions for review); and

      (vi)    the Court and necessary Court personnel.

5.    <u>WRITTEN AGREEMENT TO TERMS OF PROTECTIVE ORDER</u>

Information designated under this Order shall not be made available to any person designated in paragraphs 3(b)(iii) or 4(b)(iii) or 4(b)(v), unless that person has stated in an undertaking in the

form attached as Exhibit A hereto and served upon counsel for the party providing the designated information that he or she has read this Protective Order and agrees to be bound by it and agrees to use information designated under this Protective Order solely for purposes of this litigation.

6.      PROCEDURE FOR CHALLENGING DESIGNATIONS

A party may object to the designation of particular "SUBJECT TO PROTECTIVE ORDER" or "OUTSIDE ATTORNEYS ONLY" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within twenty (20) days after the time that the notice is received, it shall be the obligation of the party designating the information as "SUBJECT TO PROTECTIVE ORDER" or "OUTSIDE ATTORNEYS ONLY" to file an appropriate motion within twenty (20) days that the notice is received or otherwise seek and obtain a conference before the Court to determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed or other court intervention is timely sought, the disputed information shall be treated as labeled, "SUBJECT TO PROTECTIVE ORDER" or "OUTSIDE ATTORNEYS ONLY" (however the producing party proposes it be designated) under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "SUBJECT TO PROTECTIVE ORDER" or "OUTSIDE ATTORNEYS ONLY" and shall not thereafter be treated as "SUBJECT TO PROTECTIVE ORDER" or "OUTSIDE ATTORNEYS ONLY" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "SUBJECT TO PROTECTIVE ORDER" or "OUTSIDE ATTORNEYS ONLY" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "SUBJECT TO PROTECTIVE ORDER" or "OUTSIDE

ATTORNEYS ONLY".

    7.    PROCEDURE FOR COURT FILINGS

Information designated as "SUBJECT TO PROTECTIVE ORDER" or "OUTSIDE ATTORNEYS ONLY" may not be filed with the Court, whether separately or with or as part of pleadings or other court papers, except under seal. The designated information shall be filed in a sealed envelope or other appropriate container on which shall be endorsed the style of this lawsuit; the caption of the court paper or a brief description of the enclosed materials; the legend "SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER - OUTSIDE ATTORNEYS ONLY"; or in accordance with the court rules, and with a statement to the following effect: "This envelope [or other container] contains documents filed in Proceeding No. 1:08-cv-02021-MSK-KLM. It is not to be opened by, nor are the contents to be displayed or revealed to, anyone other than authorized Court personnel, except upon Order of the Court."

Subject to the rules of evidence, documents, material and information designated "SUBJECT TO PROTECTIVE ORDER" or "OUTSIDE ATTORNEYS ONLY" may be offered in evidence at any hearing or trial of this case. Any party may move the Court orally or in writing for an order that the evidence be received under seal.

    8.    PROCEDURE FOR TRANSCRIPTIONS

Any party shall have the right to exclude from attendance at a deposition, during such time as "SUBJECT TO PROTECTIVE ORDER" or "OUTSIDE ATTORNEYS ONLY" information is to be disclosed, every individual not entitled under the Protective Order to receipt of the information, excluding the deponent, the court reporter, and the videographer.

When any information designated in accordance with paragraph 1 above is included in an authorized transcript of a deposition or proceeding, or in exhibits attached thereto, arrangements

7

shall be made with the court reporter to bind such confidential transcripts and separately label them

"[provider's name], SUBJECT TO PROTECTIVE ORDER" or "[provider's name] , SUBJECT TO

PROTECTIVE ORDER- OUTSIDE ATTORNEYS ONLY." All or any portion of testimony falling

within the categories set forth in paragraphs 3 or 4 above, may be designated prior to or during the

proceeding in which the testimony is elicited, on the record or by other agreement of counsel, or at

any time within twenty (20) days after receipt of the transcription of such testimony by the

designating party. Thus, unless otherwise agreed to by the parties, all deposition transcripts will be

treated as "OUTSIDE ATTORNEYS ONLY" until twenty (20) days after receipt of the transcription

of such testimony by the designating party. If either party fails to designate in writing the portions of

the deposition transcript that are to be maintained as either "SUBJECT TO PROTECTIVE ORDER"

or "OUTSIDE ATTORNEYS ONLY" within twenty (20) days of receipt of the transcription, the

transcription shall be treated as if it were not designated.

9.   NO INTERFERENCE WITH LEGAL ADVICE

Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from

rendering legal advice to the attorney's party-client with respect to this action, and in the course

thereof, relying upon an examination of "SUBJECT TO PROTECTIVE ORDER" or "OUTSIDE

ATTORNEYS ONLY" information; provided, however, that in rendering such legal advice and in

otherwise communicating with the party-client, the attorney shall not disclose any "SUBJECT TO

PROTECTIVE ORDER" or "OUTSIDE ATTORNEYS ONLY" information to anyone not

authorized to receive such documents, things, materials or information pursuant to the terms of this

Protective Order.

8

11.    PRIOR DISCLOSURE AND DISCLOSURE TO EMPLOYEES OF

PRODUCING PARTY

(a)     With respect to documents designated as including "SUBJECT TO
PROTECTIVE ORDER" or "OUTSIDE ATTORNEYS ONLY" information, any person indicated
on the face of the document to be its originator, author, or recipient may be shown the documents.
Additionally, any document designated as including "SUBJECT TO PROTECTIVE ORDER" or
"OUTSIDE ATTORNEYS ONLY" information may be shown to any employee of the producing
party if it is established that it is reasonably probable that the employee would have had access to or
knowledge of the information contained in that document independent of disclosure of such
information during this action.

(b)     This Protective Order shall not prevent counsel from examining a witness in a
good-faith effort to determine whether he or she authored or previously had access to or knowledge
of protected information. This Order shall not limit a party's examination, at a deposition, hearing or
trial, of persons who are not authorized to receive protected information under the terms of this
Protective Order, so long as such examination concerns protected information that the witness
authored or previously had access to or knowledge of, as demonstrated by the protected information
itself or by foundation testimony during a deposition, hearing or trial.

(c)     The restrictions set forth in this Protective Order will not apply to information
that is in the possession of or otherwise known to the receiving party or the public before the date of
its transmission to the receiving party by the producing party and not otherwise subject to a
confidentiality agreement. Similarly, the restrictions set forth in this Protective Order will not apply
to information that becomes known to the public after the date of its transmission to the receiving
party, provided that such information does not become publicly known by any act or omission of or

9

attributable to the receiving party, which act or omission is in violation of this Protective Order or any other confidentiality agreement.

12.   INADVERTENT PRODUCTION

The inadvertent or unintentional production by any party, or any third party subject to an obligation of confidentiality, of confidential information without designating such information as "SUBJECT TO PROTECTIVE ORDER" or "OUTSIDE ATTORNEYS ONLY" information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to that specific information or as to any other information.  In the event that a party discovers that it or a third party subject to an obligation of confidentiality inadvertently or unintentionally provided confidential information without designating such information as "SUBJECT TO PROTECTIVE ORDER" or "OUTSIDE ATTORNEYS ONLY," that party shall promptly, by letter sent to opposing counsel, designate all documents or portions thereto containing such information as "SUBJECT TO PROTECTIVE ORDER" or "OUTSIDE ATTORNEYS ONLY" information subject to the protections of this Protective Order and the opposing parties shall promptly mark such documents as "SUBJECT TO PROTECTIVE ORDER" or "OUTSIDE ATTORNEYS ONLY" information.   If inadvertently or unintentionally provided confidential information has been disclosed by the opposing parties in connection with any filing, motion, hearing, trial or proceeding, then the opposing parties, after being notified promptly by letter, shall, to the extent necessary designate all documents or portions thereto containing such information as "SUBJECT TO PROTECTIVE ORDER" or "OUTSIDE ATTORNEYS ONLY" information subject to the protections of this Protective Order and the opposing parties shall promptly mark such documents as "SUBJECT TO PROTECTIVE ORDER" or "OUTSIDE ATTORNEYS ONLY" information; to the extent this confidential information was submitted in a filing or motion, the party submitting the

filing or motion shall withdraw the filing or motion and re-file the filing or motion subject to the conditions of paragraph 8 above, but shall not lose any priority date associated with the filing or motion.

The inadvertent or unintentional production of documents subject to work product immunity or the attorney client-privilege shall not constitute a waiver of the immunity or privilege, provided that the producing party (or the party holding the privilege or immunity if produced by a third party such as an outside law firm) promptly notifies the receiving party in writing of such inadvertent production after the party learns of such inadvertent production. No party to this action shall thereafter assert that such inadvertent disclosure alone waived any privilege or immunity. Absent court order or agreement of the parties to the contrary, no use shall be made of such documents during deposition, at trial, or in any filing or motion, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. The receiving parties will return such inadvertently produced item or items of information, (including if submitted with a filing or motion) and all copies thereof within seven (7) days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request from the producing party for the return of such item or items of information. The return of the inadvertently produced item shall not be construed as an acknowledgement by the returning party that the information is, in fact, protected by the attorney-client privilege, work product doctrine, or other immunity or protection. The receiving party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver based solely on the inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure. Nothing in this Protective Order shall be constructed to require the production of any information, document, or thing that a party contends is protected from disclosure by the attorney-client privilege and/or the

work product doctrine.

13.   ENFORCEMENT

In the event anyone shall violate or threaten to violate the terms of the Protective Order, subject to any meet and confer obligations, the aggrieved party may apply to obtain injunctive relief against any such person violating, or threatening to violate any of the terms of this Protective Order, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Protective Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order. The prevailing party regarding any dispute regarding the terms or enforcement of this Protective Order shall be entitled to the costs and reasonable attorneys' fees it incurred in attempting to enforce this Protective Order.

14.   OBLIGATIONS UPON TERMINATION OF LITIGATION

Within twenty (20) days of the final termination of this litigation, each party that is subject to this Order shall destroy or return to the providing party all items designated "SUBJECT TO PROTECTIVE ORDER" or "OUTSIDE ATTORNEYS ONLY" in accordance with paragraph 1 above, including all copies of such matter which may have been made (including copies in the hands of consultants and witnesses), but not including pleadings or copies containing notes or other attorney work product that may have been placed thereon by counsel for the receiving party. Outside counsel may retain a complete file of all papers exchanged by the parties and all internal work product even if portions of the papers should include or reference information designated under this Protective Order, provided the counsel continues to preserve the protected information in accord with this Order. This Protective Order shall continue to be binding after the conclusion of this

litigation except that a party may seek the written permission of the other party or further order of this Court, after notice to the other party and opportunity to be heard, with respect to dissolution or modifications of this Protective Order.

15.   NO CONTRACT

This Protective Order is not a contract or agreement between the parties, and creates no private rights of any sort or character in any person. It is an order of the Court which can be amended or altered at any time by the Court for good cause.

16.   NO WAIVER

Nothing in this Protective Order, or the taking of any action in accordance with the provisions of this Protective Order, or the failure to object thereto, shall be construed as a waiver or admission of any claim or defense of this action. Moreover, while the failure to designate information in accordance with this order and the failure to object to a designation at a given time shall preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof, the failure to object to a designation shall not constitute an admission by the receiving party that the designated information is in fact trade secret or proprietary information. The entry of this order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery. This Protective Order shall not in any way limit what the producing party may do with its own documents or information.

Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality or relief from this Protective Order regarding matter designated as containing

13

"SUBJECT TO PROTECTIVE ORDER" or "OUTSIDE ATTORNEYS ONLY" information.

17.    EXCEPTIONS

The parties may by stipulation provide for exceptions to this Protective Order, provided that such stipulation is presented to the Court as a Consent Order, and any party may seek an order of this Court modifying or interpreting this Protective Order.

18.    SUBPOENAS

If any party or other person authorized under this Protective Order to receive material designated as "SUBJECT TO PROTECTIVE ORDER" or "OUTSIDE ATTORNEYS ONLY" receives a subpoena from a non-party to this Protective Order seeking production or other disclosure of such material, that party or person shall refuse to produce any such material and shall immediately give written notice to counsel for the party who produced such material identifying the material requested and enclosing a copy of the subpoena. It then shall be the obligation of the party who produced such material to seek a Protective Order if appropriate. If, within ten (10) days, the producing party fails to move for a protective order or otherwise cause to be suspended the obligations of the party receiving the subpoena to produce such documents, the party receiving the subpoena may produce responsive documents provided that the subpoenaing party agrees to be bound by the terms of this Order for this purpose.

19.    DISCOVERY OF INFORMATION RESTRICTED BY CONFIDENTIALITY
       AGREEMENTS WITH THIRD PARTIES

If discovery in this litigation calls for the production of information, documents or tangible items that a party cannot produce because its disclosure would breach an existing confidentiality obligation to a third party to maintain such information in confidence, the producing party shall, no less than ten (10) business days before the date scheduled for production, given written notice to the

14

third party that its information is subject to discovery in this litigation and provide the third party with a copy of this Protective Order. In addition to written notice, the producing party shall advise the party requesting discovery of: (a) the fact that such notice has been given; (b) the type of information being withheld; and (c) the name and address of the third party. The producing party shall use all reasonable efforts to secure permission from the third party to produce said third party's information, documents, or tangible items in the possession of the producing party, and shall not impede discovery by the receiving party of said third party's information, documents or tangible items in the possession of the producing party.

DATED: 5/8/09                    By: _____
                                      Attorney for Plaintiffs
                                      Bains Ultra Inc.
                                      Gestion Ultra International Inc.

DATED: 5/5/09                    By: _____
                                      Attorney for Defendant
                                      7677 East Berry Avenue Associates, L.P.

DATED: 3-6-07                    By: _____
                                      Attorney for Cross-Claim Defendant
                                      Direct Source Global, LLC

SO ORDERED:
DATED: 5/10/09                   _____
                                 UNITED STATES DISTRICT COURT JUDGE

15

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**

**DECLARATION AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I _____, declare under penalty of perjury that:

I, having been retained or employed by [Party] _____

as a [role] _____ for this

litigation, have read the Protective Order entered in *Bains Ultra Inc. v. 7677 East Berry Avenue*

*Associates, L.P., et al.*, District of Colorado, Civil Action No. 08-CV-02021 MSK-KLM (the

"Protective Order") and I agree to be bound by it. I agree to use information designated under

the Protective Order solely for purposes of this litigation. I am aware that if I violate the

provisions of this Protective Order, the Court may order the entry of contempt sanctions against

me. I further agree to submit to the jurisdiction of this Court for the purpose of enforcing the

terms of this Protective Order.

Dated this _____ day of _____, 200__.


_____

(Signature)


_____

(Typed Name)


_____

(Title)